Filed 1/25/23  P. v. Mabson CA3
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093654 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F05321) |
| v. | OPINION ON TRANSFER |
| TRAVIS MABSON, | |
| Defendant and Appellant. | |

Defendant Travis Mabson, along with accomplices Patrick Jerome McPherson and Patrick Joseph Godines, were all convicted of felony murder with special circumstances, attempted robbery, and burglary after their attempt to rob Michael Sanderson in his apartment ended in Sanderson's death.  We affirmed defendant's convictions on appeal. (*People v. Godines* (July 25, 2018, C078214/C078601) [nonpub. opn.] (*Godines*).)

1

Defendant later petitioned for resentencing under Penal Code[1] section 1172.6[2] based on changes to the felony-murder rule and natural and probable consequences doctrine under Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019). The trial court denied the petition after finding defendant was ineligible for relief as a matter of law given the jury's true findings on the attempted robbery-murder and burglary-murder special circumstances.

In an unpublished opinion, we affirmed the court's order denying defendant's resentencing petition, holding that the jury's true special-circumstance findings, which had not been set aside through habeas corpus proceedings, precluded relief under section 1172.6 as a matter of law. (*People v. Mabson* (Apr. 15, 2022, C093654) [nonpub. opn.].)

The California Supreme Court subsequently granted review and transferred the matter back to us with directions to vacate our opinion and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698. By separate order, we vacated our decision.

In supplemental briefing after transfer, the parties agree that under *Strong* the jury's true findings on the attempted robbery and burglary special circumstances, which were made before our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 clarified what it means to be a major participant who acts with reckless indifference to human life, do not render defendant ineligible for relief as a matter of law. Having reconsidered the matter, we agree and will reverse and remand for further proceedings under section 1172.6.

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    Effective June 30, 2022, former section 1170.95 was recodified without substantive change to section 1172.6. (Stats. 2022, ch. 58, § 10.) Defendant filed his petition under former section 1170.95, but we will refer to the current section 1172.6 throughout this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

For reasons detailed in our discussion, we need not provide considerable detail regarding the facts underlying defendant's crimes. Briefly summarized, in 2011 codefendant McPherson arranged for his friend Jeanette Campbell to strip for Sanderson as a distraction to help with a robbery, and Campbell asked her friend Aubry Toews to help her in that role. (*Godines*, *supra*, C078214/C078601.) Defendant, Godines, and McPherson arrived at the apartment complex after the women entered the apartment. (*Ibid.*) McPherson texted Toews to let her know they were waiting. (*Ibid.*) Eventually, Toews went outside Sanderson's apartment to signal the men that it was time for the robbery to occur. (*Ibid.*) McPherson was driving, so he waited in the car while defendant and Godines went to the apartment. (*Ibid.*) Godines had a gun. (*Ibid.*)

After entering the apartment, Godines opened the door to the bedroom where Campbell was dancing for Sanderson and turned on the lights. (*Godines*, *supra*, C078214/C078601.) He pointed a gun at Sanderson and demanded to know where Sanderson kept his money. (*Ibid.*) Sanderson moved toward the door and Godines fatally shot Sanderson in the chest. (*Ibid.*) Godines then told Campbell to "[f]ind the money" before he ran out of the apartment. (*Ibid.*) Campbell also ran out of the apartment and followed defendant and Godines to the car. (*Ibid.*)

Defendant was found guilty of murder, attempted robbery, and burglary. The jury found the special circumstance true that defendant committed the murder during an attempted robbery and a burglary, and it found not true that defendant was armed with a firearm during the offenses. The jury was instructed with CALCRIM No. 703, which provided that in order to find the special circumstances true, the jury had to find that although defendant was not the actual killer, he acted with intent to kill, or: "1. The defendant's participation in the crime began before or during the killing; [¶] 2. The defendant was a major participant in the crime; [¶] AND [¶] 3. When the defendant participated in the crime, he acted with reckless indifference to human life."

3

Defendant was sentenced to life without the possibility of parole for the murder plus 10 years for two prior serious felony enhancements. The court imposed and stayed the sentences on the attempted robbery and burglary convictions under section 654.

In 2019, defendant filed a section 1172.6 petition for resentencing. After appointing counsel and receiving briefing, the trial court denied the petition, finding that because the jury found the special circumstances true, it "necessarily found that defendant . . . either was the actual killer, intended to kill, or was a major participant who acted in the robbery and burglary with reckless indifference to human life, as the jury was specifically instructed with CALCRIM No. 703 that it must make such a finding before finding true the Penal Code [section] 190.2, [subdivision] (a)(17) robbery-murder and burglary-murder special circumstances." The court noted that if defendant wanted to challenge the sufficiency of the evidence to support the special-circumstances findings in *Banks* and *Clark*, he would need to file a habeas corpus petition.

DISCUSSION

Defendant originally argued the trial court prejudicially erred when it denied his petition after finding the jury's pre-*Banks*/*Clark* special-circumstance findings conclusively established his ineligibility for resentencing because the jury necessarily concluded that he was either the actual killer, intended to kill, or was a major participant who acted with reckless indifference. In supplemental briefing the parties now agree, as do we, that the trial court erred in denying defendant's petition.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended the felony-murder rule and the natural and probable consequences doctrine, as it relates to murder, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by

4

amending section 189 to state that a person can be liable for felony murder only if: (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

As pertinent here, Senate Bill No. 1437 also added what is now section 1172.6, which permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the murder conviction and resentence the person on any remaining counts if, among other things, the petitioner could not be convicted of first or second degree murder due to the change in the law. (§ 1172.6, subd. (a).) Upon submission of a facially sufficient petition that requests counsel, the court shall appoint counsel and provide the parties an opportunity to submit briefs. (§ 1172.6, subds. (b)(3) & (c).) Following briefing, the court must hold a hearing to determine whether the petitioner has made a prima facie case for relief. (§ 1172.6, subd. (c).) If a sufficient prima facie showing is made, the court must issue an order to show cause. (§ 1172.6, subds. (c), (d).)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes [the] petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*) Although the court may rely on the record of conviction (including a prior appellate court opinion) in determining whether the petitioner has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

Since defendant's convictions, our Supreme Court has refined the analysis for who qualifies as a major participant acting with reckless indifference to human life in *Banks* and *Clark*. (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1179, abrogated on other

5

grounds in *People v. Lewis*, *supra*, 11 Cal.5th at p. 963.) After we rejected defendant's claims in our previous opinion, our Supreme Court decided *Strong*, which concluded: "Findings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill [No.] 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*People v. Strong*, *supra*, 13 Cal.5th at p. 710.) Here, the trial court concluded that the jury's pre-*Banks*/*Clark* findings, which defendant had never set aside through habeas corpus proceedings, precluded defendant from making a prima facie showing. The trial court's conclusion does not survive *Strong*.

Defendant's resentencing petition was facially sufficient and alleged the essential facts necessary for relief under section 1172.6 if proven. (§ 1172.6, subds. (a)-(c); *People v. Lewis*, *supra*, 11 Cal.5th at pp. 970-972.) Nothing in the record demonstrates defendant is ineligible for relief as a matter of law, so we must reverse and remand the matter for the trial court to issue an order to show cause, and, to the extent necessary, conduct an evidentiary hearing. (§ 1172.6, subd. (d).) We express no opinion on the ultimate resolution of the petition.

DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is reversed. The case is remanded to the trial court for issuance of an order to show cause, and, to the extent necessary, to hold an evidentiary hearing on the petition.


/s/
Robie, Acting P. J.

We concur:


/s/
Duarte, J.


/s/
Renner, J.

7